UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED INTERNATIONAL BANK,

        Plaintiff,                                  08 CV 4272 (SJ) (RML)

   v.                                      <u>MEMORANDUM
                                                         AND ORDER</u>

REDSTONE USA CORP. et al.,

        Defendants.

----------------------------------------------------X

A P P E A R A N C E S

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
425 Park Avenue
New York, NY 10022
By:    Benjamin Zelermeyer

TROP & SPINDLER, ESQS.
19-02 Whitestone Expressway, Suite 202
Whitestone, NY 11357
By:    Gail Spindler

GOLDBERG, WERPIN, FINKEL, GOLDSTEIN LLP
1501 Broadway, 22nd Floor
New York, NY 10036
By:    Christopher Clarke

BENTON J. CAMPBELL
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    James Cho

JOHNSON, Senior District Judge:

In this action, United International Bank ("Plaintiff" or "the Bank") seeks to foreclose on three parcels of land, located in Brooklyn, New York, at 1101, 1103, and 1123 Myrtle Avenue, respectively (the "Properties"). Pending before the Court are Plaintiff's motion to appoint a receiver of rents; a motion to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6), filed by defendant-mortgagor Redstone USA, Corp. ("Defendant" or "Redstone"); and a cross-motion for interpleader filed by the government. Based on the submissions of the parties, and for the reasons stated below, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED and the remaining motions are DEEMED MOOT. This memorandum briefly addresses the parties' claims.

BACKGROUND

In 2006, Defendant Redstone executed two mortgages on commercial real property in favor of the Bank. The mortgage notes were consolidated in the form of a single lien encumbering the Properties in the amount of $9,375,000. Redstone also executed an Assignment of Rents in favor of the Bank, entitling the latter to all rents, income and profits arising from the Properties upon the occurrence of a default. The complaint ("Complaint") alleges that, beginning in July 2008, Redstone defaulted by failing to make mortgage payments and by failing to pay real estate taxes. Redstone and the Bank then entered into an agreement acknowledging these delinquencies and requiring Redstone to inform its tenants to pay rent to the Bank directly. One of the

tenants occupying commercial space on the Properties is the United States, which runs a Social Security Administration office thereon.

On October 21, 2008, the Bank filed the instant action to foreclose on the Properties, citing 28 U.S.C. § 2409a(a), the Quiet Title Act ("QTA") as the basis of jurisdiction. The Complaint names the tenants, including the United States, as defendants, in addition to the New York State Department of Tax and Finance, the City of New York, and 1111 Myrtle Avenue Realty, LLC, which entity is alleged to have made an attempt to purchase the Properties from Redstone. The Bank thereafter filed a motion to appoint a receiver of rents, which has been opposed by Redstone on the ground that the tenants have already been instructed to remit payments to the Bank.

Redstone also moves to dismiss the action for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The government has neither joined in nor opposed Redstone's motion, but asserted in both its Answer and Amended Answer that the QTA "does not properly vest this Court with subject matter jurisdiction over this case [and] there is no active case or controversy between plaintiff and the United States that would vest this Court with Article III jurisdiction to hear this suit against the United States." The government has also counterclaimed (as against The Bank) and cross-claimed (as against Redstone) in interpleader, seeking to deposit its rent payments with the Court and

thereafter be dismissed from the action.  It is undisputed that the government's lease will be unaffected by foreclosure of the Properties.

DISCUSSION

It is well-established that "[the] United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 587 (1941) (citations omitted).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory terms and will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996).

In this action, Plaintiff argues that jurisdiction is conferred by the QTA, which permits the United States to be "named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interests or water rights."  28 U.S.C. § 2409a.  While the interest "need not be 'title' or an ownership interest" in the land, United States v. Bedford Assocs., 657 F.2d 1300, 1316 (2d Cir. 1981) ("Bedford"), it must be one that is "adverse" to the Plaintiff.  Id. (citing 28 U.S.C. § 2409a(d)).  If the government has no interest in the land adverse to the Plaintiff, jurisdiction will not be found. See Upstate Federal Credit Union v. Walker, 198 F.3d 372 (2d Cir. 1999) (no jurisdiction under the Quiet Title Act where government claimed no

interest in building beyond leasing the land on which the building stood). Moreover, under § 2409a(e) "[i]f the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by. . . the court," jurisdiction shall cease. 28 U.S.C. § 2409a(e). As a result, there are two essential questions before this Court: (1) whether the government has a sufficient interest in the Properties to support a waiver of sovereign immunity; and, if so, (2) whether the government has divested the Court of that jurisdiction, pursuant to §2409a(e).

*Waiver of Sovereign Immunity*

The federal courts have not frequently encountered QTA actions in which the United States' interest is that of a mere tenant whose lease will be unaffected by foreclosure. It is perhaps for this reason that both UIB and Redstone cite the same Second Circuit opinion, Bedford, which held that federal jurisdiction was proper where the mortgagee sought quiet title to a building from which the United States leased office space and remained in possession thereof beyond the terms of its lease. The Bedford court held that

> [a]lthough the caption of § 2409a refers to quiet title actions, the statute itself plainly permits a variety of suits besides the typical quiet title action, in which adverse claimants to real property seek an adjudication of title as between themselves. Under [the QTA], the dispute need not present a question of title as to the United States. Rather the "disputed title" question must involve "property in which the United States claims an interest." The

> reference [in the QTA] to the "right, title, or interest" of the United States confirms the impression that the interest asserted by the government need not be a "title" or ownership interest. Rather the [QTA] permits the government to be named whenever it claims an interest in real property that is "adverse," § 2409a(d), to that of the plaintiff.

657 F.2d at 1316. While the holding that the word "title" is to be interpreted broadly supports Plaintiff's argument that subject matter jurisdiction is proper, the fact that the government does not hold a position <u>adverse</u> to the Plaintiff undercuts this argument, for if both the statute and the case law interpreting it indicate that an adverse position is essential, this Court lacks subject matter jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Block v. North Dakota</u>, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."); <u>see</u> <u>also</u> <u>Upstate Federal Credit Union</u>, 198 F.3d at 377 n.5 (finding that "case lack[ed the] adverse interest in real property that is necessary for quiet title jurisdiction").

Thus, this case is distinguishable from <u>Bedford</u>, as Plaintiff herein does not seek to "proceed against a leasehold interest of the United States." <u>Bedford</u>, 657 F.2d 1316 (finding jurisdiction appropriate where mortgagee sought declaratory judgment to the effect that government's lease was invalid); <u>see also</u> <u>McMaster v. United States</u>, 177 F.3d 936 (11th Cir. 1999) (citing <u>Bedford</u> and 2409a(e) for the proposition that the plaintiff and the United States must have adverse interests);

> reference [in the QTA] to the "right, title, or interest" of the United States confirms the impression that the interest asserted by the government need not be a "title" or ownership interest. Rather the [QTA] permits the government to be named whenever it claims an interest in real property that is "adverse," § 2409a(d), to that of the plaintiff.

657 F.2d at 1316. While the holding that the word "title" is to be interpreted broadly supports Plaintiff's argument that subject matter jurisdiction is proper, the fact that the government does not hold a position <u>adverse</u> to the Plaintiff undercuts this argument, for if both the statute and the case law interpreting it indicate that an adverse position is essential, this Court lacks subject matter jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Block v. North Dakota</u>, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."); <u>see</u> <u>also</u> <u>Upstate Federal Credit Union</u>, 198 F.3d at 377 n.5 (finding that "case lack[ed the] adverse interest in real property that is necessary for quiet title jurisdiction").

Thus, this case is distinguishable from <u>Bedford</u>, as Plaintiff herein does not seek to "proceed against a leasehold interest of the United States." <u>Bedford</u>, 657 F.2d 1316 (finding jurisdiction appropriate where mortgagee sought declaratory judgment to the effect that government's lease was invalid); <u>see also</u> <u>McMaster v. United States</u>, 177 F.3d 936 (11th Cir. 1999) (citing <u>Bedford</u> and 2409a(e) for the proposition that the plaintiff and the United States must have adverse interests);

Newport Savings and Loan Assoc. v. Real Property Located at 185 Hargraves Drives, 928 F.2d 472 (1st Cir. 1991) (interpreting Bedford court to hold "that the word 'title' *might* include. . .a leasehold interest") (emphasis added); Ginsberg v. United States, 707 F.3d 91, 93 (4th Cir. 1983) ("[I]t must be determined whether the Government's interest here creates a 'disputed title' to real property").

Moreover, the QTA was passed to provide a vehicle for real property-related actions that, but for sovereign immunity, would have been brought against the United States. "The predominant view . . . was that citizens asserting title to or the right to possession of lands claimed by the United States were 'without the benefit of a recourse to the courts,' because of the doctrine of sovereign immunity." Block v. North Dakota, 461 U.S. 273, 282 (1983). Consequently, the Court finds that the QTA's waiver of sovereign immunity does not apply to the facts of this case.[1]

---

[1] Because the Court determines that the absence of an adverse government interest in the resolution of this action precludes application of the QTA, it need not analyze whether the government's motion for interpleader supports a divestiture of jurisdiction under 28 U.S.C. § 2409a(e).

## CONCLUSION

Because the Quiet Title Act does not waive the sovereign immunity of the United States unless the United States holds an interest in real property adverse to the plaintiff, this action must be dismissed for lack subject matter jurisdiction. The Clerk of the Court is directed to close the case.


SO ORDERED.

DATED: August 17, 2009                     /s/
        Brooklyn, New York            Sterling Johnson, Jr., U.S.D.J.